Pettidone, J.,
delivered the opinion of the Court.
This was an action of assumpsit, containing four counts:
First. A count on a promissory note from Bent to Brainard for $508 39, payable on request.
Second. Count on a promissory note made by Bent and delivered to Brainard, by which said note the said defendant, Bent, acknowledged, himself indebted to one John M’ICrea for work done in building for him, the said defendant, a saw-mill, the sum of five hundred and six dollars and thirty-nine cents; which sum, on the order of said M’Krea, he, the said defendant, promised to pay to Oliver Brainard, with interest, when he, the defendant, should be thereunto requested. The plaintiff goes on to aver, that he produced to the defendant the order of M’Krea, for the payment to him of the said sum of money; but that defendant refused to pay the same according to the terms and conditions of the said note.
Third. Count for work and labor, money, &c.
Fourth. Count on an accepted bill of exchange, drawn by M’Krea upon Bent in favor of the plaintiff, for the sum mentioned in the note.
Plea, non-assumpsit and issue.
*204 The plaintiff offered in evidence in the Court below, first, an order or hill of exchange, in the words and figures following, viz: “ Esqr. Bent, Sir, please pay to Oliver Brainard five hundred and six dollars, thirty-nine cents, and you will much oblige yours, &c. JOHN M’KREA.
St. Louis, April 21st, 1819.”
Under which was written the words and figures following, viz : “ Inasmuch as ’ I have now discovered that I do not owe M’Krea any thing, I will not accept or pay the above order. SILAS BENT. April 25th, 1819.” This order was produced by the defendant at the trial, in pursuance of a notice given him by the plaintiff. To the admission of which paper in evidence to the jury, the signature being admitted, the defendant, by his counsel, objected; but the objection was overruled, and the paper given in evidence, to which the defendant excepted. The ground of the exception is, that the order ought not to have been admitted, because it had not been accepted. It is not necessary that the acceptance of an order should appear upon the order itself. It may be by parole, or by a separate instrument in writing. The Court could not determine the fact, by an inspection of the order, whether it had been accepted or not. It was proper for the party to introduce the order in evidence, under the fourth count of his declaration, because he had declared expressly upon it; and if he failed to prove the acceptance, he would fail in establishing one fact necessary to his recovery on that count. The introduction and proof of the order was certainly a proper and necessary step in the cause. It was, therefore, properly admitted, under the fourth count in the declaration. It was also proper evidence under the second count. The promise there declared on, is a conditional one, that defendant will pay the money, upon the production of M’Krea’s order. It was certainly competent for the plaintiff, then, to produce the order, to show the condition complied with.
The plaintiff then offered, in evidence, an instrument in writing, in the words and figures following, viz: I am indebted to John M’Krea, for work done for me, in building for me a saw-mill, five hundred and six dollars and thirty-nine cents; which sum, on his order, I promise to pay Oliver Brainard, with interest. St. Louis, April 21st, 1819. Silas Bent; witness, Chs. Bent. The signature of the defendant to the said writing was admitted. The defendant objected to its admission in evidence, but it was admitted by the Court. It is difficult to conceive on what ground the note was objected to; it was specially declared on. There was no variance between the declaration and the note, and its execution was admitted, unless the defendant can object to the plaintiff’s proving his declaration. There can be no objection to this note’s going in evidence. ,It is said, that the note imports a promise to, and cause of action in M’Krea, not in Brainard.
If so, the defendant should have demurred to the second count of the declaration, which sets out the note in its terms, on the ground that it contained no cause of action in favor of the plaintiff. If,‘ however, it should be contended that a demurrer would admit the legal effect of the note, as stated in the declaration, we are willing to say, that we think the legal effect of it is then correctly stated. We think the promise in the note, is a promise made to Brainard, and not to M’Krea. The consideration of the promise to Brainard is not the indebtedness of Bent to M’Krea; his indebtedness to M’Krea is dated as inducement to the promise, not as the consideration of it. We consider it as a conditional promissory note, and the performance of the condition constitutes the consideration. If we are correct in considering the *205 note as containing a promise, made directly to Brainard, that promise must rest upon ■some consideration, moving between the parties. The indebtedness of Bent to M’Krea, could not be such a consideration. If there was no consideration expressed on the note itself, by our laws, a consideration is to be presumed, until the contrary appears. There was no attempt on the trial, to prove a want of consideration, or a failure of consideration, as between Bent and Brainard, unless the indebtedness of Bent to M’Krea, constituted that consideration, which, clearly, it did not. The plain language of the note, is: I, Bent, am indebted to Mclfrea 5 produce to me M’Krea’s order, and I will pay you the amount of the note. The production of the order affords a good consideration to support the promise. It would be a detriment, or inconvenience to Brainard, to procure it. He would have to account to M’Krea for it. It might be of benefit and advantage to Bent. He might pay Brainard more conveniently than M’Krea, and the order would discharge him from his liability to M’Krea.
This view of the case, renders it unnecessary to decide upon most of the exceptions which were taken below. It was, no doubt, proper for the defendant to have proved a want of conáideration, or a failure of consideration, but he did not attempt to do it. A mistake in Bent, as to the fact of his owing M’Krea, could be no defence ■against Brainard.
The judgment below must be affirmed with costs, together with one per cent, damages, and interest on the original judgment, from the rendition of the same.